IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |  |
|---|---|---|
| SHAWN F. SHAW, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Case No. 1:25-cv-01252-JDB-jay |
| BRIAN ELLER, WARDEN, | ) ) | |
| Respondent. | ) ) | |

ORDER DISMISSING § 2254 PETITION WITHOUT PREJUDICE FOR FAILURE TO
EXHAUST STATE COURT REMEDIES,
DENYING A COA,
AND
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

On November 5, 2025, the Petitioner, Shawn F. Shaw, Tennessee Department of Correction prisoner number 476037, an inmate at the Northeast Correctional Complex in Mountain City, Tennessee, filed a pro se petition under 28 U.S.C. § 2254 for a writ of habeas corpus (the "Petition"). (Docket Entry ("D.E.") 1.)

The Petition raises three grounds for relief: (1) "[m]erge has no Tennessee Code Annotated [and] does not exist in law" (*id*. at PageID 4) ("Ground 1") and (2) Petitioner was "[c]onvicted twice under the same [statute, Tennessee Code Annotated] § 39-13-202[,] on the same victim" (*id*. at PageID 6) ("Ground 2"). The third ground for relief ("Ground 3") is a duplicate of the first. (*See id*. at PageID 7.)

Petitioner admits that he has not raised any of his three grounds for habeas relief in a state post-conviction application. Additionally, he admits that he has not raised Grounds 1 and 3 in a direct appeal to the Tennessee Court of Criminal Appeals ("TCCA").

On preliminary review, the Court ordered Shaw to show cause "why the Petition should not be dismissed without prejudice for failure to exhaust state-court remedies." (D.E. 10 at PageID 28.) He responded to the show cause order claiming that the "state courts [were] informed of this merge" and that "all . . . courts supported this merge . . . knowing it has no [Tennessee] statute to support such action/judgment." (D.E. 11 at PageID 31.) The Court has reviewed the TCCA's decision in the inmate's direct appeal and, contrary to Shaw's response to the show cause order, finds the claims raised in the Petition have not been exhausted.

Shaw was convicted by a jury of first-degree premeditated murder, first-degree felony murder, especially aggravated kidnapping, and aggravated assault. *State v. Shaw*, 715 S.W.3d 340, 343 (Tenn. Crim. App. 2024). Before the TCCA, he argued that his convictions for especially aggravated kidnapping and aggravated assault violated the prohibition against double jeopardy. *Id*. at 344-45. He also attempted to raise an evidentiary issue about a witness's testimony at trial, "but due to the largely incoherent nature of [Petitioner's] brief, [the TCCA was] unable to determine precisely what issue [he was] attempting to raise." *Id*. at 348. Nonetheless, because Petitioner had failed to raise any issue about the witness's testimony in a motion for a new trial, the TCCA deemed the issue waived. *Id*.

The TCCA affirmed the state trial court's judgments but remanded the case in order for the trial court to correct various errors in the judgment forms. *Id*. As relevant to the Petition, the TCCA ordered the state trial court to enter "an amended judgment form for count 2 . . . to reflect that it merges into count 1 for a single conviction of first degree murder." *Id*.

Although Grounds 1 and 3 are difficult to decipher, they appear to relate to the TCCA's order on remand directing the state trial court to enter an amended judgment form that merged counts 1 and 2 into a single conviction of first-degree murder. *Id.* Petitioner has not appealed the state court's amended judgment.

Shaw raises a double jeopardy claim in Ground 2, alleging that he was "convicted twice under . . . § 39-13-202 on the same victim." (D.E. 1 at PageID 6.) The statute to which he refers defines first-degree murder in Tennessee. The only double jeopardy challenge considered by the TCCA related to Petitioner's convictions for especially aggravated kidnapping and aggravated assault. *Shaw*, 715 S.W.3d at 343. The court did not address any double jeopardy challenge to Petitioner's convictions under §§ 39-13-202(a)(1) and (a)(2) for first-degree premeditated murder and first-degree felony murder. *See id*.

A federal court cannot decide a § 2254 petition until the petitioner exhausts the remedies available in state court. *See* 28 U.S.C. § 2254(b)(1)(A); *see also Rose v. Lundy*, 455 U.S. 509, 518-19 (1982). In Tennessee, a petitioner exhausts state remedies on a claim when the claim is presented to at least the TCCA. *Adams v. Holland*, 330 F.3d 398, 402 (6th Cir. 2003) (citing Tenn. Sup. Ct. R. 39). "To be properly exhausted, each claim must have been 'fairly presented' to the state courts." *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). The petitioner bears the burden of proving exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A petitioner has not satisfied his burden of showing exhaustion where he has failed to fairly present the claims in his petition to the TCCA. *See id*.

The United States Supreme Court has made clear that a stay and abeyance of a federal habeas case while a petitioner exhausts his state remedies are appropriate only in limited

3

circumstances. *Rhines v. Weber*, 554 U.S.269, 277 (2005). "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts [before filing his federal habeas petition], stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id*. Shaw has not demonstrated good cause for a stay of these federal proceedings.

For the reasons set forth above, the Petition is DISMISSED WITHOUT PREJUDICE to Shaw's right to file a new § 2254 petition after he exhausts his claims in state court.

## APPELLATE ISSUES

No § 2254 petitioner may appeal without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). To obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where habeas relief is denied on procedural grounds without reaching the merits of the underlying constitutional claim(s), "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Petition was dismissed for failure to exhaust state court remedies. Reasonable jurists would not find it debatable whether the Court was correct in its procedural ruling dismissing the Petition for failure to exhaust. The Court DENIES a COA.

To appeal in forma pauperis ("IFP") in a habeas case under § 2254, the petitioner must obtain pauper status under Federal Rule of Appellate Procedure 24(a). *See Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). A party seeking pauper status on appeal must first file a motion

in the district court, along with a supporting affidavit.   Fed. R. App. P. 24(a)(1).   If the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal IFP, the petitioner must file his motion to proceed IFP in the appellate court.   *See* Fed. R. App. P. 24(a)(4)-(5).   For the same reasons the Court denies a COA, the Court CERTIFIES that any appeal in this matter would not be taken in good faith.   Leave to appeal IFP is DENIED.[1]

　　　　IT IS SO ORDERED this 15th day of June 2026.

　　　　　　　　　　　　　　　　s/ J. DANIEL BREEN
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[1]If Petitioner files a notice of appeal, he must pay the full $605 appellate filing fee or file a motion to proceed IFP and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days of the date of entry of this order.   *See* Fed. R. App. P. 24(a)(5).